By the .Court.—Sedgwick, Ch. J.
The learned counsel for plaintiff, appellant, in his argument says : “The complaint alleges the different loans made at defendant’s request and their non-payment. It also sets up certain statements and representations made by defendant to induce her to let him have these moneys, that they were false, and she was induced thereby to give him these moneys.” The complaint shows that the plaintiff claimed that these representations were of matters of fact, and that they were made falsely, knowingly and. fraudulently by the defendant. There can hardly be a doubt that the complaint contained statements of causes of action in tort from false representations. ' There are in the complaint allegations of ten causes of action of this kind, set out in twenty-two paragraphs. The twenty-third paragraph alleges ‘ ‘ that the defendant promised at the time he obtained the aforesaid sums of money respectively, to repay the same to the plaintiff, and he received the same upon such promise.”
On the trial, after plaintiff’s case was in, the counsel for defendant moved to dismiss the complaint on the grounds “ that the gravamen of the whole of the complaint is fraud, deceit and false pretenses, and that no evidence tending to show either fraud, deceit or false pretenses has been produced. That the plaintiff has failed to prove her causes of action alleged in the complaint.” The record states that the motion was granted and plaintiff’s counsel excepted.
On the argument of this appeal the counsel for appellant did not take the position that the complaint did not state causes of action-in tort. He argued that it did, and that there was sufficient proof to sustain *408 .them. He also argued that the complaint stated a cause of action on contract.
At every stage of the case these claims were inconsistent. The plaintiff could not in one breath claim for both in one action. Necessarily she should have chosen one to the exclusion of the other. On the trial the counsel for the defendant asserted that the gravamen of the complaint was in tort. And it was exactly true, that the action was quite as much in tort as it was in contract. If you suppose that the plaintiff’s counsel claimed that the complaint did contain a cause of action on the promise, nevertheless there is no intimation that he claimed to recover upon that. The correct inference is that he claimed to recover in tort. By doing that he abandoned the other inconsistent claim, as has been already stated. Even on the appeal, he did not abandon the tort, but claimed an alternative right.
I am of the opinion that the testimony did not sustain the action for false representations stated in the complaint, and that, as the case was tried-as one in tort, the action of the judge in dismissing the complaint should be dismissed.
The case of Sparmann v. Keim (44 N. Y. Super. Ct. 163) was reversed in the court of appeals.* The case there has not been reported, but a manuscript copy of the opinion shows that the reversal was placed upon the ground that the complaint did not state any cause of action for fraud.
Exceptions of plaintiff overruled, with costs, and judgment for defendant directed.
Freedman and Truax, JJ., concurred.

 Reported 83 N. Y. 845.